IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02-30021 |
| ) | |
| LAWRENCE YATES, ) | |
| ) | |
| Defendant. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Lawrence Yates' Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (d/e 56) (Renewed Motion). Yates filed his original request for a sentence reduction on August 23, 2011. See Letter Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 54). The Court appointed counsel to represent Yates. On November 2, 2011, appointed counsel moved to withdraw because counsel saw no basis for a reduction in Yates' sentence. See d/e 55. The Court allowed counsel to withdraw and offered Yates the opportunity to

explain why he was entitled to a reduction in his sentence. Text Order dated November 3, 2011. Yates responded with the Renewed Motion. In addition, Yates' mother submitted a letter on Yates' behalf. See d/e 57. For the reasons set forth below, Yates' Motions (d/e 54, 56) are DISMISSED for lack of subject-matter jurisdiction.

I. BACKGROUND

On February 13, 2004, Defendant Yates pleaded guilty to the charge of Conspiracy to Distribute 50 or More Grams of Cocaine Base ("Crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846, as alleged in Count 1 of the Indictment (d/e 1). See Minute Entry of February 13, 2004. The Presentence Investigation Report (PSR) found that Yates was accountable for 4.99 kg of crack cocaine. PSR, ¶ 26. The Court adopted the findings of the PSR at sentencing. See Minute entry entered January 21, 2005. The Government made a motion for a downward departure that the Court allowed. Id. The Court sentenced Yates to 324 months imprisonment. Id.

In April 2009, pursuant to Amendment 706 of the Sentencing

Guidelines, Yates moved for a reduced sentence. The Court denied the motion. See Opinion (d/e 52).

In August 2011, Yates filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 54) and, in December 2011, filed the Renewed Motion (d/e 56). Yates asserts he is entitled to a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline, the advisory nature of the Sentencing Guidelines, and Yates' postsentencing rehabilitation.

## II. ANALYSIS

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the

defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). The Act also ordered the United States Sentencing Commission to amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374.

The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines

apply retroactively.  See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750).  "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)."  United States v. Turner, 2011 WL 4704277, at*1 (W.D.Va. 2011).

Here, the Court lacks subject-matter jurisdiction to consider Yates' reduction request because the sentencing range on which his sentence was based was not subsequently lowered by the Sentencing Commission.  When Yates was sentenced, the base offense level of 38 applied to persons held accountable for 1.5 kg or more of crack.  Yates' base offense level was 38 because he was held accountable for 4.99 kg of crack.  After adjustments, Yates' total offense level was 39.  With a criminal history category of VI, his guideline range was 360 months to life.

After Amendment 750, the base offense level of 36 applies to

persons held accountable for at least 2.8kg but less than 8.4 kg of crack. After the same adjustments, Yates' total offense level would be 37. With a criminal history category of VI, Yates' guideline range remains 360 months to life. Therefore, the Amendment has no effect on Yates' sentencing guideline range. Because the Amendment did not change Yates' sentencing guideline range, he is not entitled to a reduction in his sentence. 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.10, comment note 1; <u>United States v. Taylor</u>, 627 F.3d 674, 676 (7th Cir. 2010) (relief under §3582(c) "is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range" even where it does lower the base offense level), <u>quoting</u> U.S.S.G. § 1B1.10(a)(2)(B).

Yates also argues, however, that this Court can reduce his sentence because the Guidelines are advisory. However, because Amendment 750 did not result in a lower sentencing range for Yates, this Court does not have subject-matter jurisdiction to consider other reasons for reducing Yates' sentence. <u>See</u> <u>Forman</u>, 553 F.3d at 588 (a court lacks subject-

matter jurisdiction to consider a request for a sentence reduction under § 3582(c)(2) if the defendant cannot show that his sentencing range was subsequently lowered by the Sentencing Commission); see also United States v. Jackson, 573 F.3d 398, 400 (7th Cir. 2009 ) ("although Booker changed federal sentencing law, it did nothing to alter Congress' limited grant of authority to district courts to modify sentences after they are imposed").

Finally, Yates' reliance on Pepper v. United States, 131 S. Ct. 1229 (2011) – for the proposition that this Court can consider Yates' postsentencing rehabilitation when resentencing him – is misplaced. In Pepper, the United States Supreme Court held that when a defendant's sentence is set aside on appeal, the district court may consider at resentencing evidence of the defendant's postsentencing rehabilitation. Here, Yates' sentence has not been set aside on appeal and Pepper does not provide an independent basis on which this Court could reconsider Yates' sentence.

Because Amendment 750 did not have the effect of lowering Yates'

sentencing guideline range, this Court lacks subject-matter jurisdiction to reduce Yates' sentence under §3582(c)(2).

### III. CONCLUSION

For the reasons stated, Defendant Lawrence Yates' Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 54) and Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (d/e 56) are DISMISSED for lack of subject-matter jurisdiction.

ENTER: December 9, 2011

FOR THE COURT:

                                        s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE